UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT, E.D.N.Y.

★ NOV 1 0 2005 ★

BROOKLYN OFFICE

|  |  |
|---|---|
| DWAYNE HENRY, | No. 02-CV-2949 (JBW) |
| Petitioner, |  |
| v. | MEMORANDUM AND ORDER |
| THOMAS POOLE, et al., |  |
| Respondents |  |

JACK B. WEINSTEIN, Senior District Judge:

On October 27, 2005 there was filed in this court a memorandum and order of the Court of Appeals for the Second Circuit requiring "the State to release Henry unless it provides him with a new trial within 90 days of the date of this decision." *Henry v. Poole*, — F.3d —, slip op. at 44 (2d Cir. May 24, 2005). The delay between the decision of the Court of Appeals in May of 2005 and entry of the remand on October 27, 2005 in the district court was occasioned by the State's moving for a rehearing en banc.

It is the petitioner's contention that the 90-day period from the decision of the Court of Appeals expired on August 20, 2005 and, thus, petitioner must now be released since he has not yet been retried.

The contention lacks merit. If followed, it would make an application for a rehearing or for certiorari an occasion for jail delivery. The plain language of the Federal Rules of Appellate Procedure prohibits petitioner's approach. *See* Rule 41(b), Fed. R. App. P. ("The court's mandate must issue 7 calendar days after the time to file a petition for rehearing expires . . .");



1

Rule 41(c), Fed. R. App. P., ("The mandate is effective when issued.").

The state shall release Henry unless it provides him with a new trial within 90 days of this judgment.

SO ORDERED.

_____
Jack B. Weinstein

Dated: October 31, 2005
Brooklyn, New York